THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ESTERBINE LUGO, Defendant-Appellant.

First District (5th Division)    No. 62500

Opinion filed June 11, 1976.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Defendant was charged by indictment with the offense of bribery in violation of section 33—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 33—1(a)). In a bench trial defendant was found guilty as charged and sentenced to one year probation. From said finding and sentence defendant appeals.

The facts and testimony pertinent to the appeal are as follows: Defendant was arrested for alleged disorderly conduct and unlawful use of weapon (both misdemeanors). Both arresting police officers testified that while the defendant was being processed at the police station after being in the station only 10 to 15 minutes defendant said "I'm married. I have a baby. I'll give you $100. You let me go. You keep the gun and give me a chance." Whereupon defendant reached into his boot, took out money, counted it and gave it to one of the arresting officers. He accepted the money and then arrested defendant and charged him with bribery.

Another police officer testified that he was in the room when defendant was being processed; that he saw defendant give a sum of money to one of the arresting officers and that he heard that arresting officer announce to defendant that he was under arrest for bribery. He did not, however, testify that he heard defendant make the offer to the arresting officer as above indicated.

A fourth police officer, Investigator Henry Cioli, testified he visited defendant in a cell at the police station. He said defendant told him that he had offered the police officers $100; that he knew it was wrong but that he offered the money because he did not want to go to jail.

Defendant testified in his own behalf. First he denied any conversations with Investigator Cioli. He further testified that when he got to the police station he asked one of the officers there (unidentified and not one of the arresting officers), "How much is the bond?" to which that officer replied "$100." He further testified that in what he was doing in offering the officers money was "a right thing to do." On cross-examination defendant stated that he thought that what he was doing in offering the officers $100 was posting his bond.

OPINION '

Both defendant and the State rely on two cases, *People v. Siciliano*, 4 Ill. 2d 581, 123 N.E.2d 725, and *People v. Gokey*, 57 Ill. 2d 433, 312 N.E.2d 637. Defendant also cited in support of his contention, based on testimony, *People v. Dawson*, 22 Ill. 2d 260, 174 N.E.2d 817.

We find that the defendant can find no solace in either *Siciliano* or *Gokey*. In *Siciliano* the Supreme Court affirmed the conviction of bribery in the jury trial. The only difference in *Siciliano* being that defendant did

not testify in his own behalf and hence the testimony of bribery went uncontradicted. The only witness for the State was a meat and meat plant inspector who testified, after being granted immunity, that on several occasions Siciliano gave him money to influence him not to make the kind of inspections that his job required.

In *Gokey* the defendant was charged with reckless driving, unlawful use of weapons and bribery. The alleged bribery occurred after defendant was brought to a police station. Defendant and a sergeant in the police station, one Matt Schalz, were friends. Sergeant Schalz testified that in the police station in the presence of other officers defendant said "Matt, you are not going to let them put me in jail, are you?" Schalz replied, "Sorry, Tom, I can't help you." Defendant replied, "I will give you 50 bucks—just don't lock me up." The sergeant replied, "I can't do you any good; come on, let's go." The officers then took Gokey downstairs to a squad room and there Gokey said, "Well, if $50.00 isn't enough, how about $500.00." When Sergeant Schalz answered, "I don't want your money, Tom, I can't do anything for you," Gokey then said, "How about $5,000.00?" When Schalz ignored this the defendant said, "Here, take the whole thing," and he threw a roll of money on the table. There was $7,200 in the roll. These statements to Schalz were made in the presence of three other officers. Defendant testified that he was a diabetic. That his physician had given him insulin for a diabetic. He further said that he did not feel well that day and had not eaten when he drove from Woodstock to a hotel in Chicago to borrow $7,000 from his father for a business venture. He further stated he stopped at a restaurant in Crystal Lake on his way home but the restaurant was closed; that he began to perspire and experience chills; that he slept in his automobile for a while but did not feel any better when he awoke. He vaguely remembered the officer stopping him on two occasions; but he did not remember the circumstances of the arrest and how he acted. He could not recall being taken to the sheriff's office or what had occurred there. He further testified that because he was going to pick up a large sum of money he had brought his gun and placed it on the floor of his car.

The Supreme Court, in reversing the bribery conviction, said:

> "Bribery under the statute requires that the accused have had an intent to influence the performance of an act related to the employment of a public officer or employee. The indictment charged that the defendant intended to influence Sergeant Schalz in the performance of his duties as a deputy sheriff and with that intent tendered him $5,000. * * *The prosecution's evidence did not prove a corrupt intent to influence the sergeant. * * *." (57 Ill. 2d 433, 438.)

Continuing, the court said:

"Strangely, if this were to be considered as an offer of a bribe, the statements to Schalz were made in the presence of four other police officers, two of whom were the arresting officers. The amount of the claimed 'bribe' increased from $50 to $7,200, more than 100 times, in the course of a minute or so. We judge the defendant's language may have been language of anger and exasperation, or of bravado or language prompted by alcohol or by some medical cause, but, considering the circumstances, it was hardly language seriously proposing criminal conduct. It may be analogized to those extravagant proposals which are not to be regarded as offers to enter into a contract." 57 Ill. 2d 433, 439.

We find that we are not confronted with such a circumstance in the case at bar and the trial court was justified in considering all testimony to find the defendant guilty. In so finding we feel strongly that to give effect to the words attributed to the defendant by the police officers' testimony other than bribery would be stretching an interpretation of words beyond credulity.

Neither can defendant find comfort in *People v. Dawson*, 22 Ill. 2d 260, 174 N.E.2d 817. That case basically stands for the proposition that whereas the finding of the trial judge as to the credibility of witnesses is entitled to great weight, the court of review does not necessarily have to accept the trial judge's findings as conclusive, but the rule is that it is the duty of the court of review to examine the evidence in a criminal case and if it is so unsatisfactory and unreasonable as to raise a serious doubt of defendant's guilt, the conviction must be reversed.

We agree with that principle but we find within that concept the overwhelming weight of all of the testimony in the instant case well warranted a finding of guilty.

In view of the foregoing, the circuit court is affirmed.

Affirmed.

LORENZ, P. J., and DRUCKER, J., concur.